The argument is 18-1764 Blythe v. Wilkie Let's wait for the other side to get settled. I thought I'd get an early advantage. Okay, we're ready to go. Good morning. Good morning, Your Honors. My name is Mark Lively, representing the appellant. We have argued that the case Mosse really has no legs to stand on. There's no textual support in 38 U.S.C. 7104 or 38 CFR 20.202 that would support distinguishing between pro se and represented claimants. There's also no legislative or regulatory history to support this distinction. And even if we look at policy, which is the last factor that the court generally looks at in interpreting statutes and regulations, it doesn't support Mosse either. But isn't it universally applied, or don't we at least think about that as an adjudicatory body or even an administrative agency? If someone, I'm looking at it a different way than you. You're looking at it as if someone who is represented gets treated differently. I look at it as if whether a pro se litigant, whether one arguably at least thinks about cutting a little slack given that the person is unrepresented. Isn't that an acceptable way to proceed to give that pro se defendant a little leeway? No, I don't think that's the right way to look at it. I think that you have to look at it as the VA is a non-adversarial inquisitorial system. It's not like anything as an adversarial system. I think it's a hard concept to get because the American jurisprudence is overwhelmingly predominantly adversarial. And so what we think of it when we start attacking something so unique, what we're not used to, is consciously or unconsciously or subconsciously, we tend to slip in adversarial concepts. The point is that it's the VA's primary duty to identify issues and to develop the record. The attorneys are participants. They're not adversaries of the VA. They're working together, at least that's the way it's supposed to be, to try to get the veteran all of his entitled benefits. But at some point, shouldn't, whether the adjudicatory body is the CABC or us, have the ability to say, you've got to have raised this below. If not, it's a ping-pong. I mean, your client's case, I think, has already gone back twice. I mean, it's been around for a lot of years. And to allow new issues to be raised at the CABC level just means there's going to be another bounce-back. Well, not necessarily. In other words, the court here should have addressed, I mean, they spent more time going over the issue exhaustion analysis rather than dealing with the merits. If you look at the pages of the Veterans Court. Well, isn't it something that somebody below should have adjudicated before the CABC would do it? So the relief would be appropriate if exhaustion had no applicability here, it would be sent back, right? Okay. Well, that was my point, that to allow a system that never allows any exhaustion to be accounted for even at the CABC level means that there's just going to be a constant bounce-back of cases. I mean, that's what will have to happen here in your case if you were to prevail, right? He said that again. No, what would happen is the case would be remanded back to the Veterans Court to decide the merits. They could say there's no error or it's harmer's error. We just want to make sure that we're able to argue. You don't think the CABC, if it gets this issue that hasn't been litigated or adjudicated or considered by the BVA, is going to feel compelled to remand it back to them? No, no. I mean, the question is whether or not... What they raise is whether the examinations were adequate. Is that a factual question? I would have thought that that's been treated as a factual question and therefore... It depends. As an initial matter for the board to address, not for the CABC to address, is it? No, they both address it. In other words, whether or not the issue... Can the CABC address a factual question in the first instance? Or is it just... I mean, they would if the... I mean, I'm not sure I understand what you mean by a factual issue. I mean, I understand the distinction, but the court addresses examination, the adequacy of the examination issues all the time, whether they've been raised below or not. Are you saying this was new information that arose at that stage that hadn't previously had an opportunity to be presented? No, what happened here is he did raise this issue below, before the board. And if you look at the court's analysis, they acknowledged it. They said that he raised the issue, but he didn't renew the issue the next time around. Are you talking about raising an issue or raising evidence related to the issue? No, this is just... There wasn't new evidence on that point, no. So what would be different if it were remanded back? Determination, whether... Well, there was new evidence. Okay, there was new evidence, I apologize. On the second denial, before the second denial, there were... The appellant raised the issue of the adequacy of the exams because there wasn't a personal exam. They got another... It was ultimately remanded. They got another record review for the psychologist. And I believe he raised it saying that basically the VA examiner, the first VA examiner who personally examined it, was more probative than the subsequent one that didn't examine it, that didn't examine the client. I think he raised it. But since that's a factual issue, I didn't argue that for this court. But if you look at this as a typical case, it's really pretty insidious what the Veterans Court did. Well, assuming that the foundation of where we're trying to come out is that the veteran had appropriate process, due process opportunity, and all the rest of it. And to understand that if there was some reasonable basis, some change in the veterans' situation or in the evidence produced, to assure that there was an opportunity for that to be considered. But I'm looking here to find where those events may have occurred. And I can't find them in your argument. Where we raised the issue? I don't understand your question. I'm trying to understand what it is that would be different on a remand. The difference on a remand would argue to the board that the second psychologist's opinion, which was just based on a record review, should not be considered adequate. And that, therefore, the other VA examiner, Dr. Berg, who did perform a personal examination, and did the record review, and made it seem to have an affirmative opinion of service connection, would be followed. But that was considered. That evidence was already there. That isn't anything that it was excluded. Is that right? I mean, the board, I don't believe that the board may have considered it. But I don't think the board did it correctly. And that's why we're at the court. I mean, there's a lot of times when the board makes a decision and considers it and goes wrong. And so that's why we were arguing it, that how can you have a valid psychiatric examination without interviewing the client? But the point, the argument in this case, is that you had your opportunity. There was an opportunity to challenge that when this case was here before. This is the third time around that it's come up the chain, right? And you sought a joint remand with the government to consider Dr. Berg, or Ms. Berg, or whatever. And that if you were challenging the other opinions at that time, that should have been part of the basket. That's helpful to your client, not hurtful, to get him to raise the concerns promptly so that he can get his case adjudicated, right? Agreed. And why did you not? Are you claiming that that initial remand, you did preserve it, and you did raise it below with the board? Yes, we did. Yeah, if you look at the answer to your question, the last one, is we did. If you look at the- This is the footnote in the October 2016. No, there's one on the joint pinned to page 130. It said, in light of the above, service connection. I'll wait till you guys get there. This is the last full paragraph. 130? Says, in light of the above, service connection for Mr. Blythe's sleep disorder should be granted. The only opinion to be based upon an examination of the veteran, rather than simply review of the service medical records, concludes that primary insomnia began while Mr. Blythe was on active duty. As set forth in the joint motion for remand, the lack of an actual examination of Mr. Blythe rendered prior examinations inadequate. As the only opinion regarding the sleep disorder, and there are two different disorders, there's the sleep apnea, but the psychological disorder is the sleep disorder, based upon actually seeing Mr. Blythe in person is favorable, service connection must be granted. I mean, I would think the veteran's support is just creating obstacles, just so that the decision can get affirmed. I mean, the lawyers did their job. And this document was before the joint motion for remand? Well, they were too. The second joint motion for remand? Right. Right. This was the thing just, I believe, was before the second board denial in December of 2015. Yes. Now, so I don't see where we have to constantly keep raising the argument. The point is pretty clear, that we don't believe that psychological examinations, when you do not interview a client, are adequate. I mean, how many times do you need to say that? OK. We're into your rebuttal. Why don't we hear from the government? Mr. Blythe, sir. Good morning. Good morning, and may it please the court. En bac review is unwarranted, and the judgment should be affirmed. With respect to the colloquy that you, this morning, thus far, is really focused on factual issues, which are, of course, beyond the court's jurisdiction. The issues that the briefs have focused on are really twofold. One is whether or not en banc review is warranted. No, I know that. But can you go, if you can engage in the argument he was making there. I mean, so leaving aside for a moment, that you would say if the real issue he was raising in this case was error, because we had, in fact, preserved the issue, and the CAVC was wrong. Leaving aside whether we have jurisdiction to review that. Why is he wrong about the fact that he did raise it before the BBA? Well, Your Honor, in the Veterans Court's decision below, on pages 7 to 8 of the appendix, it walks through the opportunities that Mr. Blythe had to raise the new argument. The new argument being that these other medical evaluations were inadequate. And the two opportunities that it focuses on are one, in the July 2016 joint motion for a remand, which post-dates the document that he directed your attention to a moment ago. And that's on pages 82 to 86 of the appendix. And secondarily, when the remand went back to the board, and there were proceedings before the board in the first instance to consider the issues, the board- That was in 2016 or 2017? That was after July 2016. It was remanded to the board. And at page 132 of the appendix, you have Mr. Blythe's brief, an October 2016 brief. And the Veterans Court discussed that, acknowledged that he had made arguments about the medical evaluations and the evidence that was before the board, but that he did not make the specific argument that he made before the court in the first instance. So would the Veterans Court properly construe the record as saying that this indeed was a new argument? And in that regard, it's appropriate to invoke the issue exhaustion principle. And the court said on page eight of the appendix, it was referring to the October 2016 brief that, although Mr. Blythe had argued that the opinions of Dr. Burton and Dr. Thaler were not based upon an examination of Mr. Blythe, the court noted that this was primarily an argument that Ms. Berg's opinion was sufficient. And not that the others were inadequate. So that was a reasonable construction of the record that the court used in order to arrive at the issue of exhaustion. But what you just directed our attention to on appendix 132, the court has granted two motions for remand. In the first remand, the parties agreed that examinations that relied upon a review of the service medical records alone without examining Mr. Blythe were inadequate. But you're suggesting that doesn't mean that those examinations themselves were inadequate, but had to do with Dr. Berg's? Your Honor, yes. And it's not my suggestion is that the Veterans Court considered this document, interpreted it as saying, really, the argument that he's making is that Dr. or Ms. Berg, her opinion should have been considered and relied upon rather than the others because there was an examination. And that notwithstanding that cursory statement, that he did not preserve the issue. Well, what is the issue? I mean, the adequacy. I mean, he made the argument that they didn't examine him personally. So they should not be given credit. That was an issue in play, was it not? Well, Your Honor, I don't think it was in play. I think that the Veterans Court recognized that, particularly when you had the joint motion for a remand. The joint motion for a remand recognized the parties together, represented by counsel on both sides, identified an issue that needed to be addressed on remand. And the joint motion for a remand, in and of itself, is it's incumbent on the parties to identify specifically and clearly identify what issues need to be addressed before the board. When it was sent back to the board, the board is then evaluating that issue. Now, of course, that does not deprive the veteran, or Mr. Bly, from then making the argument that he made later before the board. But the entire purpose of issue exhaustion is to make sure that, in the first instance, the board, in this case, considers all of the issues. And that's notwithstanding the duty to assist or the duty to construe pleadings in a liberal manner, which the court addressed in Robinson. I guess I'm confused about it. Let me try to identify the following scenario. Let us suppose, and I think you disagree with this, and maybe even the Veterans Court disagreed with it, that in November 2015, I'm looking at 130 and 132, that at that point, this is still in front of the board for the December 2015 board ruling, so it's before that second joint motion on remand. Suppose that this document did, in fact, make the argument that each of, what, two of the three examinations other than Ms. Berg that did not involve a personal examination, I think Dr. Ham did, because he was doing the sleep study, that those examinations were not just inadequate relative to Ms. Berg, and then the board decides what it decides. There's an appeal. You agree that there should be a remand on whatever the subject of the remand was. Does that agreement on remand require that the argument that was already had been decided by the board based on 130, by assumption, and was part of his appeal to the Veterans Court be renewed, or is a remand something that can be to address an aspect of the record that really ought to be addressed before the whole set of arguments is addressed by the Veterans Court? Your Honor, I think the answer is it may depend on the circumstances. And I think in this case, when you have a joint motion for remand, that actually in July 2016 joint motion for remand, the parties asked that the board's decision be vacated, asked that the board go back and examine a discrete issue. Under those circumstances, it is incumbent upon the parties to identify all the issues, renew an issue that may have been raised before. So assuming, and we don't agree that that 2015 pleading is construed. You're asking me to assume that it does raise that argument expressly. So what basis is there for saying that when you go to the Court of Appeals, the Veterans Court, and you've got four arguments, and the parties say it would really be a stupid idea to decide this matter when there's something that really needs to be supplemented. And so we agree to a remand for the supplement. But the other three or four arguments that are being made, what would be the point of saying they have to be renewed before the board? Well, I think it goes back to the notion of issue exhaustion that the court was considering in MAGIT, and that is inherent in the regulation at 20.202 in the statute, which is that even though you have this duty to construe evidence liberally, that it is incumbent upon the veteran to present issues at each stage of the proceedings and clearly identify before the board in this instance, because I think to your question earlier, I think this is probably a factual issue. You want to have the board consider something like the adequacy of a medical examination. Correct, but I mean, what I was, I guess, trying to explore is the scenario that if this November 2015 document did the first round in the board, or maybe it's even the second round, but in any event, not the last round before the board, did raise the issue so that the board actually did decide the issue. Then when you go to the veterans court, you don't have a board undecided issue that you're trying to raise. You have a board decided issue, but just not repetitive. Well, Your Honor, I think it may make a difference, and I hope this answers your question. It may make a difference as to whether or not the board actually decides the issue in the earlier stage. So, if an issue has been raised and the board reaches a decision on it, and then there's a remand, it may change the calculus as to whether or not the veteran has to raise it again. But in this case, the board didn't pass on it. So, the problem arises where, and this kind of gets the ping pong concern, and this court's decision in Dickens is really on all fours with the facts in this regard. Because when you have a joint motion for remand, which was basically the facts in the Dickens case, the parties have to identify the issues that go back. If they don't do that, or if they choose to wait, or the veteran chooses to wait on an objection that could have been raised at that point, that he runs the risk of a waiver. But I really do want to emphasize that the Veterans Court has discretion whether or not to hear it in the first instance. In this case, and this goes back to, I think, the jurisdictional point I was making, really the only issue that you have, apart from the en banc review issue, is his criticism of the Masson case, which I'm happy to address. But really, as it relates to the Veterans Court's decision, there is no legal issue and there's no error because the Veterans Court was exercising what Magid says it can exercise. That is, look at the record, consider whether the veterans had an opportunity to raise the argument, and if so, decide whether or not to hear it in the first instance or to remand for that. Wait, so your view is that we don't have jurisdiction to just to review, assuming that we agree that they have some discretion that's appropriately exercised under the statute to apply an issue exhaustion principle. We don't have the jurisdiction to review the merits of that? Yes, Your Honor. I think the court's decision in Bozeman from 2016 recognized that, and the Dickens case did as well. There certainly can be legal issues that arise in the context of issue exhaustion that the court can review. Mr. Blythe is not asking the court, at least until he reached the podium, to examine the facts of the case. Principally, his argument is seeking to do away with the issue exhaustion doctrine. We don't think that that requires it. Why don't you respond to one of his initial arguments, which was this global argument about the adjudication of this and legal representation and how that's not this system. Sure, Your Honor. I guess there are two components to that. One is the so-called non-adversarial nature of VA proceedings, and the court in Scott considered the non-adversarial nature of VA proceedings when it reaffirmed the rule in Magid and said issue exhaustion is still a doctrine that applies and has force in the context of veterans' appeals, notwithstanding the fact that, for example, the board has to construe pleadings liberally. So the court has considered this. It does make sense, although you do have a proclaimant system. It does make sense, as the court has found. So let's say the claimant offers to us some facts, which on their face, if accepted, could reasonably change the result. We don't find those facts, but now there has been some sort of cloud placed on the absolute discretion, whereby we have no authority to review the facts. We, on occasion, again looking to assure that the veteran received the full procedures in a non-adversarial situation and also constitutionally, have sent it back. Why is this any different? Your Honor, it's different in the sense that the veterans' court, well, two responses. One is, of course, we're talking here about the veterans' court considering issue exhaustion as opposed to this court. But really, the other main distinction is, there are no new facts. There's no new evidence. This is not a situation where new evidence comes to light. The issue exhaustion— But we're told there's new evidence, another medical opinion, which changes the balance. Well, actually, Your Honor, I'm not sure that you could characterize Dr. Berg's opinion as new evidence because it was in the record all along. I'm not sure either. The real question is what procedure in order to assure optimum non-adversarial attention to the veteran's claim that everything is considered. Well, Your Honor, the veterans' courts, the way the issue exhaustion doctrine works is, if there is a situation where there's new information that has come to light and there hasn't been an opportunity to raise it earlier and it comes up, for example, let's say at the veterans' court. Surely, the veterans' court can, consistent with the rule in MAGIT, remand back to the board to examine that evidence. And that would be an appropriate exercise of the court's discretion to do that, to remand. That's not the rule of this case. And that's not the rule that Mr. Blythe wants the court to overturn. What he wants the court to overturn is the notion that anytime a veteran makes a new argument that he did have the opportunity to raise below and did not pursue, that therefore the court should hear the argument in the first instance. And the court in MAGIT recognized that there are important objectives of finality and judicial economy that are served by the exhaustion principle. And so, getting to the point about representation by counsel, I would just observe that the court in Massey did not draw any sort of categorical rule between veterans who were represented and those who were not. What it observed is that in that case, because the veteran was represented by counsel, in those particular circumstances, it was appropriate to invoke the issue of exhaustion doctrine. Not because he was represented by counsel, but because he had an opportunity to raise his argument below and he didn't do it. And the attorney didn't offer a sufficient justification for why he didn't do that. And the Veterans Court has not interpreted Massey any differently. In some cases, it has weighed the balancing test in favor of the veteran. In other cases, it's done it the other way. But it is a flexible test. So, for these reasons, we respectfully request that the court deny my bonker view and affirm the judgment below. Thank you. I wanted to follow up just to the point that Your Honor was asking about whether it was raised. If you turn to page 132 of the appendix. What page? 132. Oh, OK. Yes. That's the one. That's the one. OK. So, this one was in October of 2016. Now, if you look at the first or second paragraph. Read part of it. The court has granted two joint motions for remand. In the first remand, the parties agreed that examinations that relied upon a review of the service medical records alone without examining Mr. Blythe were inadequate. And then if you skip down to the evidence of record contains only one medical opinion based upon an examination of the veteran and which addresses the relationship between the current sleep disorder and service. Dr. Phyllis Bird. And then in the footnote, it just talks about the others were not based on examination. I mean, I don't even think the footnote's necessary. It's pretty clear what his challenge is. So, you're requesting a further remand? Is this veteran barred from starting again in the regional office? Well, you're never barred. But you'd lose your effective date, which would be, since this case has been going a long time, which would be quite prejudicial. He could always file a new claim to reopen, but it would start the date. His effective date would start the date he filed. So, this case goes back to 2010, I believe. 2010. Thank you. Thank you. We thank both sides. The case is submitted. That concludes our proceedings.